IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **NAKENDRA CLIFTON**, a/n/f **J.C., a minor,** *Plaintiff,* | § | |
| v. | § | Civil Action No. 9:03-CV-295 |
| **OTHA ANTHONY,** *Defendant.* | § | JUDGE RON CLARK |

**MEMORANDUM OPINION**

**BACKGROUND**

Allegations of forgery, adultery, and murder of the insured by his wife, underlie this interpleader action. It was filed by American Heritage Life Insurance Company (AHLIC) to determine the beneficiaries of four life insurance policies issued by AHLIC on the life of Jared Belser. The policies were issued as part of the employee benefits for which Jared's wife, Shy Anne Belser, was able to apply through her employer. All four policies named Shy Anne as the primary beneficiary.

Jared died of a gunshot wound to the head, and Shy Anne was convicted of his murder. Otha Anthony, Shy Anne's mother, claims entitlement to the proceeds of the two policies on which she is named a contingent beneficiary. J.C., Jared's minor daughter, born out of wedlock to Nakendra Clifton during Jared's marriage to Shy Anne, filed a claim to all policies. AHLIC filed an interpleader, naming as potential parties in interest Shy Anne Belser, the Estate of Jared Belser, Professional Funeral Associates, Inc., J.C., and Otha Anthony. Default judgment was

entered against Shy Anne Belser and against the Estate of Jared Belser. Professional Funeral Associates disclaimed any interest in the proceeds and was dismissed.

AHLIC deposited the proceeds of the four policies in the registry of the court and was also dismissed. The remaining parties were re-aligned as *Nakendra Clifton as next friend for J.C. , a minor v. Otha Anthony*, with no change made to their respective burdens of proof.

Two policies, designated as policies 1 and 2, named no contingent beneficiary and the court granted summary judgment in favor of Nakendra Clifton, as next friend of Jaya as to those policies. The claims as to the other two policies, designated as policies 3 and 4, were then tried to the court. The court had to determine whether the designation of Otha Anthony as contingent beneficiary was properly made, and, if not, who would take the proceeds. Ms. Anthony could not meet her burden of proving that Jared consented to naming her as a contingent beneficiary. Jared's child, J.C. , is therefore entitled to the proceeds as his "nearest relative."

## APPLICABLE LAW

### Jurisdiction

This case was filed as a rule interpleader case under Fed. R. Civ. P. 22. This rule allows for interpleader actions in federal court, but does not confer jurisdiction on the court to hear the case. Jurisdiction must be based upon some other grounds. *See Perkins State Bank v. Connolly*, 632 F.2d 1306, 1310 n.3 (5th Cir. 1980) (rule interpleader may only be invoked where all other jurisdictional requisites are met). Here, the jurisdictional ground is diversity.

It is undisputed that AHLIC is a Florida corporation and all of the original defendants are citizens and residents of Texas. The amount in controversy is $78, 528, the face amount of the

policies, which amount was deposited with the registry of the court. Therefore, diversity jurisdiction exists. 28 U.S.C. § 1332(a).

The court retains jurisdiction, even though the non-diverse insurer, AHLIC, was dismissed, because diversity existed at the time the case was filed. *Aetna Life and Casualty Co. v. Spain*, 556 F.2d 747, 749 (5th Cir. 1977). Pursuant to *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), the court must apply the substantive law of the forum state, Texas, including Texas law on the burden of proof. *Parker Supply Co., Inc., v. Travelers Indemnity Co.*, 588 F.2d 180, 182 n.1 (5th Cir. 1979); *Spain*, 556 F.2d at 749.

**Burden of Proof**

In an interpleader case, each claimant must prove his or her claims and relative priority as to all other claimants. *Celanese Coating Co., Devoe Paint Division v. Soliz*, 541 S.W.2d 243 at 249 (Tex. Civ. App. - Corpus Christi 1976, writ ref'd n.r.e.). The burden of proof on a claimant in an interpleader action is by a preponderance of the evidence. *Id.*; *see also Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999).

**Who Takes When the Primary Beneficiary is Disqualified**

The murder of the insured by a beneficiary disqualifies that beneficiary from receiving proceeds of a policy. Tex. Prob. Code Ann. § 41(d) (Vernon 2003). In such cases, the payment of proceeds to be in accordance with the provisions of the Texas Insurance Code. Tex. Prob. Code Ann. § 41 (d) (Vernon 2003) The pertinent section of the Insurance Code provides that a contingent beneficiary should receive the proceeds. If none is named or able to take, then the

nearest relative of the insured is to receive the insurance proceeds. Tex. Ins. Code Ann. art. 21.23 (Vernon Supp. 2002).[1]

The term "nearest relative" is not defined in the Insurance Code. According to the Texas Code of Construction Act, in cases where there is no defined meaning of a word in the relevant code, "words and phrases shall be read in context and construed according to the rules of grammar and common usage." Tex. Gov't Code § 311.011(a) (Vernon 2004). A relative has been defined as "a person connected with another by blood or affinity; a person who is kin with another." *Black's Law Dictionary* 1314 (8th ed. 2004). This definition of relative is consistent with Texas statutes. *See* Tex. Bus. & C. Code Ann. § 24.002(11) (Vernon 2002) (a relative is "an individual related by consanguinity within the third degree as determined by the common law, a spouse, or an individual related to a spouse within the third degree as so determined, and includes an individual in an adoptive relationship within the third degree." ); Tex. Prop. Code Ann. § 111.004(13) (Vernon 1995) (a relative is "a spouse or, whether by blood or adoption, an ancestor, descendant, brother, sister, or spouse of any of them"). The term does not depend on one's status as an heir or whether one was born in wedlock.

**How a Designation is Made Under the Insurance Code**

Otha Anthony cites Tex. Ins. Code art. 3.149-1, (Vernon Supp. 2002)[2] as governing the manner in which beneficiaries are designated. At trial, Plaintiff agreed that this provision was applicable. Tex. Ins. Code art. 3.149-1 (Vernon Supp. 2002) Section 2 allows an insured to

---

[1] The Insurance Code was re-codified, effective June1, 2003, after Jared's death. The current version is Tex. Ins. Code Ann. § 1103.151-2 (Vernon Supp. 2004-2005).

[2]Current version is Tex. Ins. Code Ann. § 1103.055-56 (Vernon Supp. 2004-2005).

designate a beneficiary in writing. Where a third person applies for, or purchases the policy, Article 3.149-1 also states:

> Sec. 3. Any person of legal age may **consent in writing to the purchase of or the application for** an individual or group insurance policy or policies issued by any legal reserve or mutual assessment life insurance company by a third party or parties and **in such written document consent to or designate** any person, persons . . .or any combination thereof as the absolute or partial owner or owners or beneficiary . . . of any policy or policies issued in connection with such consent or designation . . . .

These sections apply to a "legal reserve life insurance company" or a "mutual assessment life insurance company." The Texas Insurance Code does not define either term. However, the Code Construction Act provides "words or phrases that have acquired a technical or particular meaning . . . shall be construed accordingly. " Tex. Gov't Code § 311.011(b)(Vernon 2004).

A mutual assessment life insurance company is "an insurance company whose policyholders are both insurers and insureds because they pay premiums into a common fund, from which claims are paid." *Black's Law Dictionary* 820 (8th ed. 2004). A legal reserve life insurance company is a company that maintains reserves at least equal to the minimum prescribed by law in the state in which it does business. *Black's Law Dictionary* 1334 (8th ed. 2004). AHLIC, as a Florida corporation, is considered a "foreign company" under the Insurance Code. Tex. Ins. Code Ann. art. 3.01, Sec. 6 (Vernon Supp. 2002).[3] As a foreign company, the insurance code requires AHLIC to maintain a certain minimum amount of free surplus and capital. *See* Tex. Ins. Code Ann. art. 3.22 (Vernon Supp. 2002).[4] AHLIC, then, has to maintain reserves at least equal to the minimum prescribed by Texas law. The court finds that under

---

[3]Current version is Tex. Ins. Code Ann. § 841.001 (Vernon Supp. 2004-2005).

[4]Current version is Tex. Ins. Code Ann. § 982.105 (Vernon Supp. 2004-2005).

Texas law AHLIC was a "legal reserve life insurance company" subject to Tex. Ins. Code art.3.149-1 (Vernon Supp. 2002).[5]

**Construing a Beneficiary Designation**

In Texas, insurance polies are generally interpreted according to the rules of contract interpretation, *Kelley-Coppedge, Inc. v . Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998). The intent of the parties is the controlling factor. *See Oates v. Hodge*, 713 S.W.2d 361, 364 (Tex.App.–Dallas 1986, no writ). In the absence of ambiguity, the court is to interpret the policy from the four corners of the document without the aid of extrinsic evidence. *Lyons v. State Farm Lloyds and National Casualty Company*, 41 S.W.3d 201, 206 (Tex.App. – Houston [14th Dist.] 2001, pet. denied). Where "one party to the contract, the insurance company, is indifferent as to who receives the insurance proceeds, we may determine that issue [the issue of intent] by determining the intent of the insured decedent." *Oates*, 713 S.W.2d at 364.

In the *Oates* case, it was uncontroverted that the insured had signed the policy in question. *Id.* Since the insured had signed the policy, the court stated that the designation of a given person as a beneficiary by the insured raised a presumption that the named person was intended by the insured to receive the proceeds of the policy. *Id.* The reasoning underlying this presumption was that "a person is presumed to know the contents of the document he signs . . . and to intend the results of his signing the document, whether or not he read it or personally filled in the blanks on it." *Id.* Therefore, if Jared signed the applications designating Otha Anthony as a beneficiary, she would be entitled to the proceeds.

---

[5]Current version is Tex. Ins. Code Ann. § 1103.055-56 (Vernon Supp. 2004-2005).

The application for Policy 3 was not signed. However there is no requirement that the insured actually sign the policy under the Insurance Code. Under Texas contract law, the absence of a signature on a contract does not necessarily destroy its validity. So long as the parties intended that the signature of all parties involved was not required before the contract was valid, and both parties consent to the terms, the contract is valid. *See ABB Kraftwerke Aktiengesellschaft v. Brownsville Barge & Crane, Inc.*, 115 S.W.3d 287, 292 (Tex. App.-Corpus Christi, 2003, pet. denied).

The application for Policy 4 bears the name of Jared Belser in the signature block, but Plaintiff asserts that it is not in Jared's handwriting. Where the authenticity of a signature is in dispute, the trier of fact may make a comparison with specimens which have been authenticated. Fed. R. Evid. 901(b)(3). To be authenticated under Rule 901, there only need be "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a); *see, e.g., U.S. v. Arce*, 997 F.2d 1123, 1128 (5th Cir. 1993)(authentication of ledgers in a drug case by witness testifying that the handwriting in the ledgers was the defendant's handwriting). Moreover, under 28 U.S.C. § 1731, "admitted or proved handwriting of any person shall be admissible for purposes of comparison to determine the genuineness of other handwriting attributed to such person."

Even a determination that somebody else signed Jared's name does not mean it was unauthorized, or a forgery. "'Forge' means to alter, make, complete, execute, or authenticate any writing so that it purports: (I) to be the act of another who did not authorize that act . . . ." Tex. Penal Code § 32.21(a) This definition of forgery apples in civil cases. *See Charter Bank Northwest v. Evanston Ins. Co.*, 791 F.2d 379, 381 (5th Cir. 1986) (referring to Tex. Penal Code

§ 32.21 for the definition of forgery in a civil case governed by Texas law). Someone forged Jared Belser's signature to the application for policy 4, only if that person: (1) signed his name and (2)he did not authorize that person to sign for him.[6]

**ANALYSIS**

As outlined above, Texas law requires each claimant in this interpleader action to prove her claims by a preponderance of the evidence. *Soliz*, 541 S.W.2d at 249; *Rhoades*, 196 F.3d at 600. The case turns on who has the burden of proof as to each particular claim.

Policy 4 was signed with the name "Jared Belser." The witnesses gave conflicting testimony about whether the signature of "Jared M. Belser" on Policy 4, in the "Signature of Proposed Insured" block was in fact the signature of Mr. Belser. Neither witness was very convincing, as neither indicated she had much opportunity to become familiar with his signature prior to his death. The court, as trier of fact, from a comparison with the signed name "Belser" on Policy 1 ( it is not controverted that this was signed by Shy Anne), and with the signed name "Belser" on Policy 3 (which the parties stipulated was signed by Shy Anne) finds by a preponderance of the evidence that Shy Anne Belser signed the name "Jared M. Belser" on Policy 4. Therefore, Ms. Anthony had the burden of proving that Jared Belser authorized Shy Anne to sign his name on the application for policy 4, or, alternatively, that he consented to naming her as a beneficiary.

---

[6]Under Texas law a spouse is not presumed to act as an agent for the other spouse solely because of the marital relationship. *Nelson v. Citizens Bank & Trust*, 881 S.W.2d 128, 131 (Tex. App.– Houston [1st Dist.] 1999, no writ). Therefore, Shy Anne is not presumed to be the agent of Jared in this case, just because of their marriage.

As to Policy 3, which was unsigned, Ms. Anthony had the burden of proving that Jared consented to the naming of Ms. Anthony as a beneficiary. Tex. Ins. Code art. 3.149-1, Sec. 3 (Vernon Supp. 2002).[7]

Ms. Anthony was a credible witness, but her claims, being dependent upon evidence of Jared Belser's intent were difficult to prove. Jared was dead, and the insurance agent evidently could not remember who actually signed any policies or what was said about consent. Shy Anne, the only other person who logically would have potential knowledge about the applications, is in prison, and did not testify.

Ms. Anthony did testify that she had a good relationship with Jared, and that he called her "Mom." However, this is not enough to show that it was more likely than not that Jared intended for her to take as the contingent beneficiary. Under the sparse evidence available, it is just as likely that Jared did not know who was designated as a contingent beneficiary. The court can not find, from a preponderance of the evidence, that Jared either consented to naming Ms. Anthony as a contingent beneficiary on policy 3 or 4, or authorized Shy Anne to sign his name to the application for policy 4.

J.C., Jared's child, likewise had the burden of proof on her claims. She also could not offer any evidence about Jared Belser's consent or intent. However her claims rest not on Jared's intent, but on the "nearest relative" default provision of the Texas Insurance Code. *See* Tex. Ins. Code Ann. art. 21.23 (Vernon Supp. 2002).[8] It was stipulated that she is Jared's child and therefore, as a matter of law, she is related to Jared within one degree of consanguinity. Jared's

[7]Current version is Tex. Ins. Code Ann. § 1103.056 (Vernon Supp. 2004-2005).

[8] Current version is Tex. Ins. Code Ann. § 1103.151-2 (Vernon Supp. 2004-2005).

parents are similarly related, but have disclaimed their interest. Ms. Anthony, as Jared's former mother-in-law, is no longer related in any degree of affinity, because he is dead and no children were born of that marriage. *See* Tex. Gov't Code Ann. § 573.024(b) (Vernon 2004); *Pomerantz v. Rosenberg*, 593 S.W.2d 815, 817 (Tex. Civ. App. Houston [1st Dist.] 1980, no writ).

J.C. has met the burden of proving that she is the nearest relative. In the absence of proof by a preponderance of the evidence that Jared consented to the naming of a contingent beneficiary, judgement will be entered that J.C. is entitled to the proceeds of the policies.

So **ORDERED** and **SIGNED** this **16** day of **November, 2005.**

Ron Clark

Ron Clark, United States District Judge